IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MELANIE LEWELLYAN** | **CIVIL ACTION:** _____ |
| **VERSUS** | **JUDGE** _____ |
| **RED RIVER REHAB, L.L.C and GUARDIAN LIFE INSURANCE COMPANY** | **MAGISTRATE JUDGE** _____ |

## COMPLAINT

Plaintiff, Melanie Lewellyan (hereinafter, "Melanie"), through undersigned counsel, for her complaint against Defendants, Red River Rehab, L.L.C. (hereinafter, "Red River") and Guardian Life Insurance Company (hereinafter, "Guardian"), allege as follows:

### PARTIES

1.

Melanie is of the full age of majority and maintains a primary residence in Rapides Parish, Louisiana, and is a citizen of the State of Louisiana within the meaning of and intent of 28 U.S.C. §1332.

2.

Named Defendant herein is Red River Rehab, L.L.C., a Louisiana limited liability corporation authorized to do business in the State of Louisiana, organized and existing under the laws of the State of Louisiana, with its principle place of business in the State of Louisiana and is a citizen of the State of Louisiana within the meaning of and intent of 28 U.S.C. §1332. Red River may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure through registered agent, Lawrence Clayford Lanford, 119 Hidden Path, Pineville, Louisiana 71360.

3.

Named Defendant herein is Guardian Life Insurance Company, a foreign insurance company authorized to do business in the State of Louisiana, organized and existing under the laws of the State of New York, with its principle place of business in the State of New York and is a citizen of the State of New York within the meaning of and intent of 28 U.S.C. §1332. Guardian may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure through the Louisiana Secretary of State, 8585 Archives Boulevard, Baton Rouge, Louisiana 70809.

## JURISDICTION AND VENUE

4.

This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that the action arises under the laws of the United States. Specifically, Melanie brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132.

5.

The venue of this action is properly placed in the Western District of Louisiana pursuant to 28 U.S.C. §1391 because the facts giving rise to plaintiff's claim occurred in this district.

## FACTUAL ALLEGATIONS

6.

Melanie was hired by Red River on or about January 1, 2017, as an Occupational Therapist.

7.

As part of the benefits for its employees, Red River offers both short-term disability and long-term disability insurance through Guardian. Employees are required to pay for the purchase of this short-term and long-term disability insurance through payroll deduction.

8.

Upon hire, Melanie elected to obtain the benefit of long-term and short-term disability insurance.

9.

Red River deducted the premium amounts for both long-term disability and short-term disability insurance coverage for the entirety that Melanie was employed by Red River.

10.

Upon information and belief, Red River remitted the payroll deductions from Melanie's paychecks to Guardian for both long-term disability coverage and short-term disability coverage..

11.

Alternatively, Red River failed to remit the deducted amounts from Melanie's paychecks and did not pay the premiums as required.

12.

Upon information and belief, Guardian accepted premium payments for short-term disability coverage and long-term disability coverage from January 2017 through April 2018.

13.

Melanie completed all paperwork that she was presented to obtain short-term and long-term disability insurance from Guardian through her employment at Red River.

14.

Melanie was diagnosed with Ehlers-Danlos syndrome, an autonomic genetic nervous system defect which prevents Melanie from working in the spring of 2018.

15.

Melanie's last day of work was April 13, 2018, and she was officially released from her job at Red River, effective April 30, 2018.

16.

Melanie filed a short-term disability claim with Guardian on or about April 23, 2018. Lawrence Lanford completed the employer section of the short-term disability claims form on or about April 26, 2018.

17.

Guardian asserted that Melanie was not enrolled in its short-term disability coverage.

18.

Guardian asserted that Melanie and/or Red River had never completed an Evidence of Insurability (EOI) form.

19.

Melanie was first presented with an Evidence of Insurability Form on or about May 7, 2018. She completed the form and the form was returned to Guardian on or before May 14, 2018.

20.

Melanie appealed Guardian's decision to deny benefits and a final letter of denial was issued by Guardian on or about October 24, 2018.

21.

Melanie timely filed a long-term disability claim with Guardian based on her election of long-term disability insurance from Red River.

22.

Guardian asserted that Melanie was not enrolled in its short-term disability coverage.

23.

Guardian asserted that Melanie and/or Red River had never completed an Evidence of Insurability (EOI) form.

24.

Melanie appealed Guardian's decision to deny benefits and a final letter of denial was issued by Guardian on or about January 12, 2019.

25.

An ERISA claimant's administrative remedies are "deemed exhausted" once all rights to appeal under the Plan have been exhausted, so the claimant may then file a civil action. 29 C.F.R. §2560.503-1.

26.

Accordingly, due to Guardian's denial of Melanie's appeals, Melanie's administrative remedies are deemed exhaustive and her claim is ripe for adjudication.

## CAUSES OF ACTION

27.

Melanie incorporates by reference all preceding paragraphs 1-25.

28.

The denial of Melanie's claim for short-term and long-term disability insurance was improper, in that Melanie paid all necessary premiums, through Red River's direct payroll deductions and remittance of premiums to Guardian, from January 2017 to April 2018.

29.

At all times, Melanie performed all obligations on her part to be performed pursuant to the terms of short-term disability insurance and long-term disability insurance coverage.

30.

Red River and Guardian failed in their obligations to take the necessary steps to not accept premiums for insurance coverage for which Guardian claims does not exist.

31.

As a result of the conduct and failures of Samuel and Sun Life, Kenny has been denied the insurance proceeds from the short-term disability insurance and long-term disability insurance coverage.

32.

Further, Guardian has waived all defenses based on the evidence of insurability requirement by its actions in this case.

33.

Melanie was completely unaware of the requirement of evidence of insurability and both Red River and Guardian failed to notify Melanie of any such requirement.

34.

Instead, Guardian continued to bank premiums for almost sixteen months prior to attempting to invoke the evidence of insurability clause and assert that Melanie was ineligible for coverage.

35.

Melanie is entitled to recover the benefits pursuant to 29 U.S.C. §1132.

36.

As a direct and proximate result of the conduct of Red River and Guardian, Melanie has been required to incur attorneys' fees and costs.  Pursuant to 29 U.S.C. §1132(g)(1), Melanie is entitled to have such fees and costs paid by Defendants.

37.

Defendants mishandled the premium payment and conversion privilege process by failing to notify Melanie of her rights and obligations under the Plan, including the right to convert or port her benefits.

38.

Defendants mishandled the premium payments by misrepresenting that Melanie's short-term disability and long-term disability insurance benefits did not exist from her exercising her option on January 1, 2017, through the current day.

39.

By offering and soliciting Melanie's continued enrollment in the Plan from January 1, 2017, until the denial of coverage, acting consistent with enrollment having been continued, remitting premium payments for coverage, and representing that coverage was in place at all times until the denial of the claim by Guardian, Defendants are estopped from asserting that Melanie's coverage was terminated for any reason prior to her death.

40.

Defendants have further breached their fiduciary duties they owed to Melanie.

41.

Guardian has been unjustly enriched by retention of all premiums and retention of the short-term disability and long-term disability insurance benefits properly owed to Melanie. Guardian also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of short-term and long-term disability insurance premiums for coverage paid by or on behalf of Melanie, while purportedly retaining the right to deny and denying any claim for benefits under the said coverage.

42.

Guardian has also been unjustly enriched to the extent that it has realized profits on the monies it refuses to pay to Melanie.

43.

The denial of Melanie's claim was improper in that Angela believed she was enrolled in both short-term disability and long-term disability insurance based on Defendants' misrepresentations.

44.

As a result of these misrepresentations and Melanie's detrimental reliance thereof, Melanie has been denied the entirety of her short-term disability benefits and continuing long-term disability payments.

45.

Due to Defendants' misrepresentations and Melanie's detrimental reliance thereof, Melanie is entitled to relief pursuant to 29 U.S.C. §1132(a), including all penalties as allowed by law and disgorgement of all profits realized as a result of Defendants' actions.

46.

Kenny is also entitled to all pre-judgment and post-judgment interest on any award and all expert witness fees as incurred as damages.

**Count II—State Law Claims**

47.

Melanie incorporates by reference all preceding paragraphs 1-46.

48.

To the extent that ERISA does not preempt state law claims, Melanie incorporates the following state law claims.

49.

Guardian and Red River violated their respective contracts with Melanie. Upon information and belief, this breach of contract was performed in bad faith or through the negligence of one of the Defendants.

50.

In adjusting this claim, Guardian has either negligently and/or intentionally denied Melanie's claim by asserting and applying exclusions which were not applicable in this matter.

51.

Guardian violated the covenant of good faith and fair dealing as required by Louisiana law.

52.

Melanie relied upon the representations of Reed River and Guardian to her detriment and is entitled to relief pursuant to the doctrine of detrimental reliance.

53.

Guardian's conduct constitutes a continuing tort and the claim for breach of contract, and breach of the implied covenant of good faith and fair dealing has not tolled.

54.

Melanie has suffered past, present, and future emotional distress and past, present, and future mental anguish as a result of the conduct of Guardian in adjusting her claim.

55.

Melanie has suffered past, present, and future emotional distress and past, present, and future mental anguish as a result of the conduct of Red River and/or Guardian in breaching their respective contracts.

**PRAYER FOR RELIEF**

WHEREFORE, Melanie Lewellyan, prays that after due proceedings:

a) That judgment be rendered in favor of Plaintiff, Melanie Lewellyan, and against Defendants, Red River Rehab, L.L.C. and Guardian Life Insurance Company, for payment of the short-term disability insurance benefits, plus interest and attorneys' fees and any further equitable relief by finding of waiver and/or estoppel;

b) That judgment be rendered in favor of Plaintiff, Melanie Lewellyan, and against Defendants, Red River Rehab, L.L.C. and Guardian Life Insurance Company, for payment of the long-term disability insurance benefits, plus interest and attorneys' fees and any further equitable relief by finding of waiver and/or estoppel;

c) That judgment be rendered in favor of Plaintiff, Melanie Lewellyan, and against Defendants, Red River Rehab, L.L.C. and Guardian Life Insurance Company, for all penalties permissible under 29 U.S.C. §1132(a) and all attorneys' fees and interest arising therefrom;

d) Separate and apart from the benefits under the Plan, judgment be rendered in favor of Melanie Lewellyan and against Defendants, Red River Rehab, L.L.C. and Guardian Life Insurance Company, seek disgorgement of any profits Defendants may have realized by the wrongful retention of such benefits;

e) Enforcement of all rights that Melanie held under the terms and conditions of Red River's Plan;

f) All interest (both pre-judgment and post-judgment), attorneys' fees, costs, expert witness fees, expenses and any other element of damage and/or cost as allowable by law;

g) For all other just and equitable relief.

Respectfully submitted,

LINEAGE LAW, L.L.C.

*/s/ Jeremy Cedars*
Jeremy Cedars (#27992)
4615 Parliament Drive, Ste. 202
Alexandria, Louisiana 71303
Telephone: (318) 767-2226
Facsimile: (888) 200-3530
*Attorney for Plaintiff, Melanie Lewellyan*

Please serve Summons and Complaint in compliance with Rule 4 to:
Red River Rehab, L.L.C.
Through its registered agent for service of process
Lawrence Clayford Lanford
119 Hidden Path
Pineville, Louisiana 71360

And

Guardian Life Insurance Company
through its agent for service of process
Louisiana Secretary of State
8585 Archives Blvd.
Baton Rouge, Louisiana 70809