UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MELANIE LEWELLYAN** | **CIVIL ACTION NO. 1:19-CV-01105** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RED RIVER REHAB LLC ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**ORDER AND REASONS**

Before the Court is Defendant The Guardian Life Insurance Company of America's ("Guardian") Motion for Partial Dismissal and a More Definite Statement (the "Motion") (Doc. 4). For the following reasons, the Motion is **GRANTED** in part and **DENIED** in part.

**BACKGROUND**

Plaintiff Melanie Lewellyan was employed as an occupational therapist by Defendant Red River Rehab LLC ("Red River"), which offered an ERISA-governed insurance plan to its employees through Guardian. Plaintiff alleges that she elected short-term and long-term disability insurance through the plan and that the cost of premiums was deducted from her pay from January 2017 through April 2018. In the spring of 2018, Plaintiff claims that she was diagnosed with Ehlers-Danlos syndrome and was released from employment at Red River due to her inability to work. Plaintiff thereafter filed a claim for disability benefits with Guardian but her claim was denied.

Plaintiff brings this action against Red River and Guardian to recover short-term and long-term disability benefits, equitable relief, and attorney's fees under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1101 *et seq*. In addition, Plaintiff asserts pendent state claims under Louisiana law, including bad faith breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and detrimental reliance.

Guardian filed this Motion, contending that ERISA preempts Plaintiff's state law claims and

Plaintiff's Complaint is so vague and ambiguous that Guardian is unable to frame a responsive pleading.

## Motion for Partial Dismissal

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face'" to survive a motion to dismiss for failure to state a claim. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). Accordingly, the court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Law and Analysis

The rights and remedies created by ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a). Supreme Court precedent broadly construes § 1144(a), finding that "ERISA's civil enforcement remedies were intended be exclusive" such that relief available to ERISA beneficiaries is not "supplemented or supplanted by varying state laws." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S. Ct. 1549, 1557, 95 L. Ed. 2d 39 (1987)). A state law "relates to" an employee benefit plan under § 1144(a) "if it has a connection with or reference to such a plan." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S. Ct. 2380, 2389, 85 L. Ed. 2d 728 (1985). The Fifth Circuit has held that state law

2

claims for breach of contract, breach of duty of good faith and fair dealing, and negligence in an ERISA action to recover denied benefits "relate to" the employee benefit plan and thus are preempted by ERISA. *See, e.g.*, *Hogan v. Kraft Foods*, 969 F.2d 142, 144 (5th Cir. 1992).

In her Complaint, Plaintiff asserts state law claims for bad faith breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and detrimental reliance (Doc. 1). These claims are analogous to those held to have been preempted by ERISA under Fifth Circuit precedent. *See, e.g.*, *Hogan*, 969 F.2d 142; *Hermann Hospital v. MEBA Medical & Ben. Plan*, 845 F.2d 1286 (5th Cir. 1988) (holding ERISA preempts claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud). Further, Plaintiff's state law claims are not protected under ERISA's savings clause, which exempts state laws that "regulate[s] insurance, banking, or securities" from preemption. 29 U.S.C. § 1144(b)(2)(A). *See, e.g., Pilot Life*, 481 U.S. 41, 50, 107 S. Ct. 1549,1554, 95 L. Ed.2d 39 (finding state law claims for breach of contract and duty of good faith and fair dealing are not saved under ERISA's savings clause).

In her Memorandum in Opposition to this Motion, Plaintiff in fact concedes that ERISA preempts any state law claims and does not oppose Guardian's Motion for Partial Dismissal (Doc. 9). Accordingly, Plaintiff's state law claims are dismissed with prejudice.

### Motion for a More Definite Statement

**A. Legal Standard**

A party may move for a more definite statement of "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The court must assess the pleading under Rule 8 of the Federal Rules of Civil Procedure's notice pleading standard, which requires, in relevant part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with this standard, a complaint need not plead specific facts but must "give the defendant

3

fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

Rule 12(e) motions are disfavored, as "in view of the great liberality of Rule 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Further, a party may not use a Rule 12(e) motion to assist in gathering facts in preparation for trial. *Id.* The trial court is granted considerable discretion in ruling on a Rule 12(e) motion. *See Ditcharo v. United Parcel Serv., Inc.*, 376 Fed. Appx. 432, 440 (5th Cir. 2010) ("We review orders made pursuant to Rule 12(e) for abuse of discretion."); *Thurman v. Louisiana Dep't of Health & Hosps.*, 2:12-CV-2426, 2013 WL 3146923, at *4 (W.D. La. June 14, 2013); *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La. 2009).

### B. Law and Analysis

While the Complaint may have been more artfully drafted, it is sufficient to meet the basic notice pleading requirements of Rule 8. Plaintiff's Complaint pleads facts that give rise to cognizable claims under ERISA and is not so vague or ambiguous that Defendants cannot reasonably prepare a response. It is evident from the Complaint that Plaintiff seeks benefits under § 1132(a)(1)(B), as she alleges that: (i) she elected to participate in her employer's long-term and short-term disability insurance plan, (ii) the cost of premiums was deducted from her pay during employment, and (iii) Guardian denied her claim for disability benefits on the basis that she was not enrolled in the plan (Doc. 1 ¶¶ 27-35). It is also clear from her claims of breach of fiduciary duty and unjust enrichment that Plaintiff seeks equitable relief under § 1132(a)(3) in connection with the withholding of premiums by her employer. Notwithstanding Plaintiff's inability to ultimately

recover under both §§ 1132(a)(1)(B) and 1132(a)(3),[1] Plaintiff is entitled to plead them in alternative and conduct discovery to ascertain the exact nature of her claim.[2]

While Plaintiff's Complaint is sufficient under Rule 8, it contains numerous typographical errors[3] and names of persons unrelated to this action, which counsel apparently neglected to change from a previously drafted pleading.[4] Moreover, Plaintiff's Complaint fails to indicate the subsections in § 1132(a) that correspond to her benefits and equitable relief claims. Accordingly, the Court hereby authorizes and encourages Plaintiff to amend her Complaint to correct the typographical errors and clarify the subsections in § 1132(a) under which she seeks relief consistent with representations made in the Memorandum in Opposition to the Motion (Doc. 9).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Guardian's Motion for Partial Dismissal is **GRANTED**. The state-law claims asserted in the Complaint are hereby dismissed with prejudice. Guardian's Motion for a More Definite Statement is **DENIED**.

IT IS FURTHER ORDERED that the Plaintiff is authorized to amend her complaint within 7 days of this Order.

THUS DONE in Chambers on this 10th day of September, 2020.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[1] An ERISA claimant generally may not recover equitable relief under § 1132(a)(3) when monetary relief is available under § 1132(a)(1)(B). *See, e.g., Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) (affirming the trial court's dismissal of Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) when § 1132(a)(1)(B) provided the plaintiff a remedy).

[2] *Id.* at 730 ("when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint").

[3] For instance, paragraph 22 states that Guardian denied her claim for long-term disability benefits on the basis that Plaintiff was not enrolled in its short-term disability plan.

[4] Paragraphs 31, 43, and 46 reference the names "Samuel," "Sun Life," "Angela," and "Kenny."