UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MELANIE LEWELLYAN** | **CIVIL ACTION NO. 1:19-CV-01105** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RED RIVER REHAB LLC, ET AL.** | **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION TO DISMISS CLAIMS FOR ESTOPPEL AND WAIVER (the "Motion") filed by Defendant Red River Rehab, LLC ("Red River") pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 31]. For reasons which follow, the Motion is GRANTED IN PART and DENIED IN PART.

### FACTUAL BACKGROUND

Red River hired Plaintiff, Melanie Lewellyan, as an occupational therapist on January 1, 2017. [Docs. 1 ¶ 6, 11 ¶ 6]. As a matter of course, Red River offers its employees short-term and long-term disability insurance through Defendant, The Guardian Life Insurance Company of America ("Guardian"), and the insurance premiums may be funded through payroll deduction. [Docs. 1 ¶ 7; 11 ¶ 7]. Shortly after beginning her employment with Red River, Plaintiff alleges that she elected to obtain short-term and long-term disability insurance and requested that the premium amounts be deducted from her pay. [Doc. 1 ¶¶ 8-9]. Pursuant to her election, Plaintiff alleges that Red River deducted the premium amounts from her pay throughout the duration of her employment. [*Id.*].

1

In the spring of 2018, Plaintiff was diagnosed with Ehlers-Danlos syndrome, an autonomic genetic nervous system defect that Plaintiff alleges prevented her from performing her job duties. [*Id.* ¶ 14]. Plaintiff's last day of employment was April 13, 2018, after which she filed claims for short-term and long-term disability benefits with Guardian. [Docs. 1 ¶¶ 15-16, 21; 26 ¶¶ 15-16, 21]. However, Guardian denied Plaintiff's claims due to her alleged failure to complete the enrollment process prior to ceasing employment and filing a claim for benefits. [Docs. 1 ¶¶ 17, 22; 26 ¶¶ 17-18, 22]. According to Guardian, Plaintiff never submitted an evidence of insurability (EOI) form and thus was never enrolled in short-term or long-term disability coverage under Red River's employee welfare benefit plan, which is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1101 *et seq*. [Doc. 26 ¶¶ 17, 23].

Plaintiff appealed the denial of her claims for benefits, but Guardian upheld its denial of coverage. [Docs. 1 ¶ 19-20, 24; 26 ¶ 19-20, 24]. Because Guardian issued final letters of denial in response to her appeals, Plaintiff claims that she exhausted her administrative remedies and therefore properly brings this civil action against Red River and Guardian to recover short-term and long-term disability benefits and attorney's fees under ERISA. [Docs. 1, 21]. Plaintiff also seeks equitable relief for unjust enrichment, estoppel, and waiver. [Doc. 21 ¶¶ 41a, 46].

## PROCEDURAL HISTORY

This matter was originally filed in this Court on August 22, 2019. [Doc. 1]. Shortly after the Complaint was filed, Guardian filed a Motion for Partial Dismissal

[Doc. 4], pursuant to which the Court previously dismissed several causes of action brought under Louisiana law, finding, generally, that such state law claims were preempted by ERISA. [Doc. 16]. Along with the Motion for Partial Dismissal, Guardian filed a Motion for a More Definite Statement, which the Court denied. However, the Court authorized Plaintiff to correct numerous typographical errors in her original Complaint, which she accomplished in an Amended Complaint filed on September 21, 2020. [Doc. 21]. In the Amended Complaint, Plaintiff premises her claims on the following factual allegations: (i) Guardian never provided Red River with an EOI form for her to complete; (ii) Guardian failed to notify her that she was required to complete an EOI form; and (iii) Guardian accepted premiums payments from Red River for Plaintiff's short-term and long-term disability coverage. [Doc. 21 ¶¶ 13b, 30a]. Alternatively, Plaintiff maintains that: (i) Red River failed to provide her with an EOI form; (ii) Red River failed to notify Plaintiff of the need to submit an EOI form; and (iii) Red River failed to remit the withholdings from Plaintiff's paychecks to Guardian. [*Id.* ¶¶ 13c, 30b].

Now pending before the Court is Red River's Motion to Dismiss Claims for Estoppel and Waiver filed on March 10, 2021. [Doc. 31]. Plaintiff partially opposed the Motion on March 31, 2021,[1] to which Red River replied on April 5, 2021.

---

[1] Plaintiff urges the Court to convert this Motion to a motion for summary judgment "considering that Red River has previously filed an Answer" and "because [Plaintiff] is going to attach evidence which is found in the administrative record in this matter." [Doc. 33]. The Federal Rules of Civil Procedure require courts to treat a motion to dismiss as one for summary judgment only when "matters outside the pleadings are presented" on a motion under Rule (12)(b)(6). Fed. R. Civ. P. 12(d). Red River's Motion is unaccompanied by any attachment or exhibit, and thus the Court disregards Plaintiff's contention.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations," mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if

it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Red River moves for dismissal of Plaintiff's waiver and estoppel claims under ERISA. In her Memorandum in Opposition, Plaintiff clarifies that she asserts a waiver claim only against Guardian, not against Red River. Thus, the Court grants Red River's Motion with respect to Plaintiff's waiver claim.

With regard to her ERISA estoppel claim, Plaintiff contends that "Red River should be estopped from asserting that [Plaintiff's] coverage did not exist or was terminated as a result of: (i) [a]cting consistently with enrollment and coverage being obtained; (ii) [f]ailing to remit premium payments that had been withheld from [Plaintiff's] paychecks; and (iii) [r]epresenting that coverage was in place at all times until the denial of claim." [Doc. 21 ¶ 39b]. To establish an ERISA-estoppel claim, a plaintiff must prove a material misrepresentation, reasonable and detrimental reliance upon the misrepresentation, and extraordinary circumstances. *Cell Sci. Sys. Corp. v. Louisiana Health Serv.*, 804 Fed. App'x. 260, 265 (5th Cir. 2020) (quoting *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444–45 (5th Cir. 2005)).

Red River only contests the sufficiency of Plaintiff's pleading of the third element – extraordinary circumstances. The Fifth Circuit has not specifically defined "extraordinary circumstances" in an ERISA estoppel context, but it has "recognized the Third Circuit's approach with approval." *Cell Sci. Sys.*, 804 F. App'x. at 266 (citing *High v. E-Systems, Inc.*, 459 F.3d 573, 580 n.3 (5th Cir. 2006)). According to the Third Circuit, extraordinary circumstances generally "involve bad faith, fraud, or

5

concealment" as well as possibly when "a plaintiff repeatedly and diligently inquired about benefits and was repeatedly misled or when misrepresentations were made to an especially vulnerable plaintiff." *Cell Sci. Sys.*, 804 F. App'x. at 266 (citing *High*, 459 F.3d at 580 n.3 (citing *Curcio v. John Hancock Mutual Life Insurance Co.*, 33 F.3d 226 (3rd Cir. 1994))).

Here, the Court finds that the Amended Complaint pleads adequate facts to meet the standard endorsed by the Fifth Circuit as constituting extraordinary circumstances in the ERISA estoppel context. Taking Plaintiff's allegations as true, it is plausible that Red River acted in bad faith or engaged in fraudulent conduct based on Plaintiff's allegations that: (i) Red River consistently deducted the premium amounts from her pay; (ii) Red River represented that Plaintiff was enrolled in short-term and long-term disability coverage under its employee welfare benefit plan; and (iii) Guardian represented that Plaintiff was never, in fact, enrolled in the plan. Moreover, these allegations comply with Federal Rule of Civil Procedure 9(b), which requires parties to plead the circumstances constituting fraud or mistake with particularity. Accordingly, the Motion is denied as to Plaintiff's ERISA estoppel claim against Red River.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Red River's Motion to Dismiss Claims for Estoppel and Waiver. [Doc. 31].

IT IS HEREBY ORDERED that the Court dismisses WITHOUT PREJUDICE Plaintiff's waiver claim against Red River.

IT IS FURTHER ORDERED that the Motion is DENIED with respect to Plaintiff's estoppel claim.

THUS, DONE AND SIGNED in Chambers on this 27th day of May, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE